UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS TECZON-MARIN, and FEDERAL DEFENDERS OF SAN DIEGO, INC.,<br><br>Petitioners,<br><br>v.<br><br>MITCHELL D. DEMBIN, UNITED STATES MAGISTRATE JUDGE,<br><br>Respondent;<br><br>and<br>UNITED STATES,<br>Real party in interest | CASE NO.: 20-CV-1493-LAB<br>Hon. Larry A. Burns<br>Courtroom 14A<br>Date: TBD<br>Time: TBD<br><br>**ORDER DISMISSING PETITION FOR WRIT OF MANDAMUS** |

To a litigant with a hammer, every adverse order looks like a nail. Petitioner Jose Luis Teczon-Marin, armed with the hammer of recent sister-court decisions barring Department of Homeland Security agents from making arrests in state courthouses, seeks a Writ of Mandamus directing Judge Mitchell D. Dembin to grant Teczon's Motion to Prevent Unlawful Civil Arrest. *See United States v. Teczon-Marin*, Case No. 19-mj-23096-MDD-1, Dkt. 42, 43. But the challenged order isn't the nail Teczon hoped for. Judge Dembin's denial isn't at odds with those non-binding decisions—he denied the Motion because it was untimely.

Because the Court perceives no error, the Petition for a Writ of Mandamus is **DISMISSED**.

A Writ of Mandamus is an "extraordinary remedy" justified only in "exceptional circumstances amounting to a judicial usurpation of power." *Bauman v. U.S. Dist. Ct.*, 557 F.2d 650, 654 (9th Cir. 1977) (internal marks and citations omitted). Teczon doesn't establish any such usurpation. Instead, the Writ Petition skirts the decisive timeliness issue, offering weakly that the docket doesn't reflect the motion filing deadline and pointing out that Judge Dembin granted leave to file additional motions. But this is only half the story. Judge Dembin only granted leave to file "additional motions indicated by *new discovery or investigation*" after the January 21, 2020 motion hearing. *See Teczon-Marin*, Dkt. 23-1 at 41 (emphasis added). The Motion fell outside these express limits—Teczon doesn't dispute that his Motion "was not based on new facts or new law." *Teczon-Marin*, Dkt. 40. So Judge Dembin properly exercised discretion in denying it as untimely. *See, e.g., U.S. v. Torres*, 908 F.2d 1417, 1424 (9th Cir. 1990).

Even if the Motion had been timely, Teczon isn't entitled to a Writ of Mandamus. For one thing, Teczon hasn't been harmed at all, much less "damaged or prejudiced in a way not correctable on appeal." *Bauman*, 557 F.2d at 654. Teczon imagines that a Writ of Protection would prevent DHS agents from arresting him. But a Writ of Protection can't do that—it only notifies the reader of a privilege whose existence and applicability are wholly independent of the Writ. *See, e.g., Bridges v. Sheldon*, 7 F. 17, 44 (D. Vt. 1880) (Writ of Protection "neither establishes nor enlarges the privilege, but merely sets it forth"); *Ex parte M'Neil*, 6 Mass. 264 (1810) (holder of Writ of Protection still amenable to civil arrest if the holder is not entitled to claim privilege). Teczon wasn't "damaged or prejudiced" by the refusal to issue a document that establishes no privilege against arrest and holds no power to prevent it, so a Writ of Mandamus isn't necessary to correct any harm. *See Bauman*, 557 F.2d at 654.

Alternatively, construing the Motion as a request for injunction, it was properly denied. First, denial of the Motion won't irreparably harm Teczon. If he is taken into Immigration and Customs Enforcement's custody, he will be accorded due process. And second, Judge Dembin *couldn't* enjoin Teczon-Marin's arrest: Magistrate Judges are not authorized by law to issue injunctive relief. 28 U.S.C. § 636(b)(1)(A).

There was no error here so the Petition for a Writ of Mandamus is **DISMISSED**.

Dated: August 10, 2020

**HONORABLE LARRY A. BURNS**
United States District Court Judge